CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
for Roanoke
OCT 29 2010
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

SAMUEL ROBERT CONRAD, III,
   Plaintiff,

v.

BETTY AKERS, et al.,
   Defendant(s).

Civil Action No.7:10-cv-00440

By:   Hon. Jackson L. Kiser
      Senior United States District Judge

MEMORANDUM OPINION

Plaintiff signed his 42 U.S.C. § 1983 civil rights complaint on October 1, 2010, and the court received it on October 5, 2010. Plaintiff filed an inmate account report with his complaint. The fiscal technician who completed the form indicated that plaintiff was not housed at the New River Valley Regional Jail before August 2010. Therefore, the fiscal technician provided the data only for August 2010, which was last month of the six-month period from when plaintiff requested the information from the technician but not from when plaintiff filed the complaint.

By Order entered October 6, 2010, the court the court assessed a $350.00 filing fee and granted plaintiff fifteen days from the date of the Order to forward to the court a statement of his assets and a report documenting his trust account for the six months prior to October 2010, signed by the appropriate prison official where plaintiff was confined during that time, so the court could determine a payment schedule. The court specifically noted in the blank inmate account form it provided that the required six-month period was prior to October 2010. Plaintiff was advised that a failure to return the required paperwork would result in dismissal of this action without prejudice.

Plaintiff subsequently filed two certified inmate account reports, one from the Western Virginia Regional Jail and a copy of the already filed inmate account form from the New River

Valley Regional Jail. However, the New River Valley Regional Jail's form does not describe the information for September 2010 and the attached certified records do not reflect transactions for the entire month. Therefore, the court can not determine the appropriate filing fee assessment, pursuant to 28 U.S.C. § 1915(a). Furthermore, plaintiff did not comply with the conditional filing order, despite the warning that his action my be dismissed without prejudice for noncompliance.

Accordingly, the complaint is dismissed without prejudice, plaintiff's motion to appoint counsel is denied as moot, and the action is stricken from the active docket of the court. Plaintiff may refile the complaint as a new and separate action at the time he can pay the $350 filing fee or file the necessary documents to proceed in forma pauperis.

The Clerk is directed to send a copy of this memorandum opinion and the accompanying order to plaintiff.

ENTER: This 29th day of October, 2010.

Jackson L. Kiser
Senior United States District Judge